UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
ANTHONY VEGA,

                            Plaintiff,

                  -against-

Detective CHRISTOPHER GREINER, Shield No. 01425; Detective BRIAN TURNER; Sergeant CHRISTOPHER WARD; Shield No. 2117; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------- x

**FIRST AMENDED COMPLAINT**

15 CV 5585 (RJD) (RML)

Jury Trial Demanded

## NATURE OF THE ACTION

1.     This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Anthony Vega ("plaintiff" or "Mr. Vega") is a resident of Kings County in the City and State of New York.

7. The individual defendants, at all times relevant herein, were officers, employees and agents of the NYPD. The individual defendants are sued herein in their individual and official capacities.

8. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

9. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

10. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

11. At approximately 5:30 p.m. on July 23, 2015, Mr. Vega was lawfully walking in the area of Mermaid Avenue and West 16th Street in the Coney Island neighborhood of Brooklyn, New York.

12. Without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendant officers in plain clothes, stopped Mr. Vega and began to search him without his permission, including by putting their hands into his pant pockets.

13. A defendant officer removed a prescription bottle, with label affixed thereto, bearing Mr. Vega's name and the lawfully prescribed medication contained therein.

14. The defendant officer took the medication from the bottle, threw the bottle to the ground and crushed it with his foot.

15. When Mr. Vega asked the defendant officer what he was doing, the defendant replied in sum, "shut the fuck up."

16. Having just been to the doctor, Mr. Vega explained to defendants that he had a prescription for his medication in his wallet, but defendants ignored him.

17. With that, defendants tightly handcuffed Mr. Vega, put him in a police vehicle and took him to 60th Precinct.

18. Plaintiff, who suffered from a pre-existing medical condition in his

hands, requested that the tight handcuffs be loosened, but defendants refused.

19. Without his prescribed medication and suffering significant pain and swelling to his hands, plaintiff requested medical treatment, but defendants also refused.

20. At the precinct, defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff in criminal possession of a controlled substance, and prepared false paperwork including an arrest report.

21. At no point did defendants observe Mr. Vega commit any crime or offense.

22. Plaintiff was taken to Brooklyn Central Booking.

23. Still without his medication and in continued hand pain, Mr. Vega's condition had deteriorated.

24. Visibly ill, medical attention was finally obtained for Mr. Vega, who was taken to Bellevue Hospital Center and then to Coney Island Hospital for further treatment.

25. Upon his release from the hospital, plaintiff was taken back to Central Booking.

26. On or about July 28, 2015, plaintiff was finally arraigned in Kings County Criminal Court.

27. At his arraignment, Mr. Vega produced the same paperwork that he attempted to show the defendant officers during the course of his arrest.

28. After review of plaintiff's paperwork, all charges against him were dismissed at arraignment.

29. After approximately two days in custody, Mr. Vega was released.

30. Mr. Vega suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

36. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Unreasonable Force

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The individual defendants created false evidence against plaintiff.

42. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

43. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Deliberate Indifference to Medical Needs

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. The individual defendants were aware of a risk to plaintiff's need for medical care and failed to act in deliberate indifference to plaintiff's needs.

47. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs.

48. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

51. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: October 19, 2016
New York, New York

HARVIS & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@civilrights.nyc

*Attorneys for plaintiff*